UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROBERT CHARLES DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTIONAL OFFICER CASTILLO,<br><br>　　　　Defendant. | Case No.: 1:25-cv-00407-SKO<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION CONCERNING HIS APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER AND INMATE STATEMENT REPORT**<br><br>(Doc. 5)<br><br>**21-DAY DEADLINE** |

　　　Plaintiff Eric Robert Charles Davis is appearing pro se in this civil rights action pursuant to 42 U.S.C section 1983.

**I.　　INTRODUCTION**

　　　Plaintiff filed his complaint in this Court on April 9, 2025. (Doc. 1.)  On April 14, 2025, the Court issued its Order to Submit Application to Proceed In Forma Pauperis (IFP) or Pay Filing Fee Within 45 Days. (Doc. 1.) Plaintiff submitted his IFP application on May 9, 2025. (Doc. 5.)

　　　A review of Plaintiff's IFP application and the Inmate Statement Report reveals additional information is needed from Plaintiff for this Court's consideration of his request to proceed IFP.

## II. DISCUSSION

In his IFP application, Plaintiff states he is currently incarcerated, is employed but receives no pay, and does not receive any income from the following sources: rent payments, interest, or dividends; pension, annuity, or life insurance payments; disability or workers' compensation payments; or any other sources. (Doc. 2 at 1.) Plaintiff states he has received money from "Gifts or inheritances." (*Id*. [Question 3(e)].) He does not have any cash or a checking or saving account, does not own any automobile, real estate, stock, bond, security, trust, jewelry, artwork, or other financial instrument or thing of value, or other assets. (Doc. 2 at 2.) Nor do any persons depend upon him for support. (*Id*.) Plaintiff signed and dated the application on April 29, 2025. (*Id*. at 2.)

The Court requires additional information regarding Question 3 which states "Have you received any money from the following sources over the last twelve months?" As noted above, Plaintiff states he has received money from "[g]ifts or inheritances" during the relevant period. (Doc. 2 at 1.) Plaintiff failed to complete the remainder of Question 3, specifically regarding the sources where the following directive appears: "If the answer to any of the above is 'yes,' describe by that item each source of money, state the amount received, as well as what you expect you will continue to receive (attach additional sheet if necessary)." (*Id*.) Plaintiff simply states: "Mother helps while incarcerated." (*Id*.) Plaintiff's response is incomplete and does not indicate the amounts he has received during the relevant period, nor does Plaintiff indicate whether he expects to continue to receive such funds. Plaintiff will be directed to provide that information.

Plaintiff's Inmate Statement Report dated May 13, 2025, indicates Plaintiff's beginning balance on November 1, 2024, was $376.00. It further reflects the following "JPAY" deposits totaling $750.45 between November 1, 2024, and April 9, 2025:[1]

| | | |
|---|---|---|
| 1/5/25 | JPAY | $250.00 |
| 2/6/25 | JPAY | $200.45 |
| 3/7/25 | JPAY | $300.00 |

---

[1] The Court has not included the JPAY deposits after the date Plaintiff filed his complaint; two subsequent JPAY deposits total 900.00.

1   (Doc. 7 at 1.) The Court notes five "SALES" transactions totaling $1,181.25 during that same

2   period. (*Id.*) Monies provided to Plaintiff via JPAY should be disclosed *and explained*. *See, e.g.*,

3   *Owens v. Schultz*, No. 1:24-cv-00820-SKO, 2024 WL 3722881, at *1-2 (E.D. Cal. July 19, 2024)

4   (directing plaintiff to "explain the sixteen JPAY entries appearing on his Inmate Statement

5   Report"). Plaintiff is also advised that this Court may consider purchases in determining whether

6   an individual should be granted IFP status. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995)

7   (citation omitted) (courts are entitled to consider plaintiffs' "economic choices about how to

8   spend [their] money" when considering applications to proceed IFP); *see also Lumbert v. Illinois

9   Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile

10  use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has

11  demonstrated an implied evaluation of the suit that the district court is entitled to honor"); *see

12  also Owens*, 2024 WL 3722881, at *1-2.

13       In sum, Plaintiff's IFP application and Inmate Statement Report do not establish he is

14  entitled to IFP status. Because Plaintiff's response to Question 3(e) is incomplete and additional

15  information is needed regarding entries on the Inmate Statement Report, to ensure Plaintiff is

16  entitled to proceed without prepayment of the required $405 filing fee for this action, Plaintiff

17  will be directed to provide a complete response to Question 3(e), and to explain the JPAY and

18  SALES transactions on his Inmate Statement Report dated May 13, 2025, before the Court issues

19  a ruling on his pending IFP application.

20      **III.   CONCLUSION AND ORDER**

21       Accordingly, the Court **HEREBY ORDERS** as follows:

22       1. The Clerk of the Court is **DIRECTED** to serve Plaintiff with a copy of his IFP

23          application filed May 9, 2025 (Doc. 5) and the Inmate Statement Report dated May

24          13, 2025 (Doc. 7), for ease of reference and as a one-time courtesy, along with this

25          Order;

26       2. Plaintiff **SHALL** provide the following information, *in writing and under penalty of

27          perjury*, **within 21 days** of the date of this Order:

28          a.  A complete response to Question 3(e), including providing a description and

explanation regarding any money Plaintiff received from "[g]ifts or inheritances," and indicating whether he expects to continue receiving those funds; and

    b. An explanation for the JPAY and SALES transactions appearing on Plaintiff's Inmate Statement Report dated May 13, 2025.

3. Alternatively, Plaintiff may remit the full filing fee of $405 within 21 days.

**WARNING: A failure to comply with this Order may result in a recommendation that this action be dismissed, without prejudice, for a failure to obey court orders**.

IT IS SO ORDERED.

Dated: **May 15, 2025**           /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE